UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY R. BROKAW,

          Plaintiff,                    Case No. 2:15-cv-13914
                                     District Judge David M. Lawson
v.                                    Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION (DE 19), STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FROM THE DOCKET (DE 18), AND SETTING A BRIEFING SCHEDULE

Plaintiff, Stacy R. Brokaw, (who is represented by counsel), filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for a review of a final decision of the Commissioner of Social Security denying her application for social security disability benefits.  (DE 1.)  Plaintiff's motion for summary judgment was due on October 20, 2016.  (DE 16.)  On February 17, 2017, when no motion had been filed, the Court issued an order to show cause on or before March 3, 2017, as to why the case should not be dismissed for her failure to comply with the scheduling order.  (DE 17.)

On March 6, 2017, Plaintiff, through counsel, filed a purported response to the Court's show cause order.  (DE 19.)  Specifically, she filed her motion for

summary judgment (DE 18), accompanied by a request for extension of time that doubled as the response to show cause order. (DE 19.) However, the response did not, as required by my order, explain why the Court should not dismiss this action for lack of prosecution; nor did it demonstrate excusable neglect, as required by Rule 6(b)(1)(B) when a motion to extend deadlines is made "after the time has expired . . . ." Accordingly, the Court set the matter for a show cause hearing, at which Plaintiff's counsel was to appear in-person and Defendant's counsel was to appear by telephone. (DE 20.) On the date and time set for that hearing, Plaintiff's counsel attempted to appear by telephone. As such, the Court re-set the show-cause hearing for Monday, March 20, 2017 at 3:00 P.M. The parties appeared as set forth in the order at that time.

When asked why Plaintiff's motion for summary judgment was months late, counsel had no explanation other than his own large case load and insufficient calendaring system. Counsel apologized to the Court and asked that his client not be punished for his carelessness. Defendant's counsel deferred to the Court's judgment on this matter.

The Court concludes that Plaintiff has not shown good cause for missing multiple deadlines. Plaintiff provides no explanation for missing deadlines in her request for extension. (DE 19.) Nor did counsel provide an explanation during the hearing, other than his own workload. The normal press of business generally does

not rise to the good cause standard required to grant motions for extension. *See Rainey v. U.S. Bank Nat. Ass'n*, No. 11-2520, 2011 WL 4954154, at *1 (E.D. Mich. Oct. 18, 2011). Further, Plaintiff's counsel has an ethical duty, pursuant to the Michigan Rules of Professional conduct, to control his workload "so that each matter can be handled adequately." (M.R.P.C. 1.3 (comments)).

Moreover, Rule 6(b)(1), allows the Court to extend a deadline for good cause only where a "request is made [] *before* the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). When the motion is made (as here) *after* the deadline has expired, an extension may be granted if the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). As the Sixth Circuit has explained, unlike the somewhat amorphous "good cause" test, the heightened "excusable neglect" standard requires a "balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

A balancing of the five excusable neglect factors does not weigh in Plaintiff's favor. First, although there is no specific indication of prejudice on the part of Defendant, this case has been pending since November 5, 2015 and the

3

Commissioner has been dealing with uncertain timelines in this matter since she was served on July 12, 2016.  Second, the length of Plaintiff's delay in this case, with a motion for summary judgment filed four and a half months after its due date, has greatly extended the Court's timeline in this action. Third, as noted above, Plaintiff has not provided good reasons for the delay.  Fourth, the delay was completely within Plaintiff's control, as it was entirely based on her counsel's workload and calendaring system. Finally, while the question of whether Plaintiff was acting in good faith remains unclear, it is clear that counsel continued to miss deadlines even after the issuance of my second show-cause order in this case.[1] Based on the foregoing, the Court concludes that Plaintiff has not even shown good cause, let alone the higher standard of excusable neglect, for an extension of the deadline.

Although Plaintiff's counsel has failed to show cause as to why the undersigned should not recommend that this matter be dismissed pursuant to Rule 41(b), the Court has an interest in deciding this case on its merits.  Accordingly, I will not make a recommendation that this matter be dismissed, but will instead

---

[1] I have also issued show cause orders for missed deadlines in two of my other three cases involving Plaintiff's counsel.  (*See Malone v. Comm'r of Soc. Sec.*, No. 15-cv-10226 (E.D. Mich. August 13, 2015) and *Payment v. Comm'r of Soc. Sec.*, No. 15-cv-14426 (E.D. Mich. June 1, 2016)).  The fourth case, *Watson v. Comm'r of Soc. Sec.*, No. 16-14355, is awaiting an answer from the Commissioner before a scheduling order is issued.

exercise my authority as it relates to the scheduling order. Specifically, Plaintiff's

request for extension is **DENIED** (DE 19) and her brief is hereby **STRICKEN**

from the Court's docket. (DE 18.) Defendant shall file her motion for summary

judgment **ON OR BEFORE MAY 1, 2017**. Thereafter, Plaintiff may file a

response brief in strict conformity with the Federal Rules of Civil Procedure, the

Local Rules of this District, and my Practice Guidelines in all respects, including

page limitations and format, **ON OR BEFORE MAY 22, 2017** and Defendant

may file a reply **ON OR BEFORE JUNE 1, 2017**. No further briefing will be

allowed.

I will hold the issue of whether further sanctions should be issued under

advisement. Plaintiff's counsel is cautioned that no further extensions will be

granted in this case and is urged to put an appropriate calendaring system in place

in order to avoid this issue going forward. Similar instances in the future (in this

case and any others) will likely result in a recommendation that the action be

dismissed for failure to prosecute. This Court's deadlines, including briefing

schedules, are not optional.

**IT IS SO ORDERED.**

Dated: March 21, 2017              s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 21, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti